*W. H. Hays, for appellant.*

---

## J. W. OSBORNE & KING *v.* WILLIAM HALLEMENT.

**Attachment—New Trial on Ground of Surprise.**

> One claiming to be the owner of a contract purchased on condition that he would advance money to the seller, and who has not done so, may be required, at the suit of the seller's creditors, to advance the money.

**New Trial—Surprise.**

> Appellants not entitled to a new trial on the ground that they were surprised because appellee did not take the deposition of a certain witness. They were not warranted in assuming that such a deposition would be taken, but should have taken it themselves.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 24, 1874.

OPINION BY JUDGE LINDSAY:

The claim of appellee is sufficiently established by the proof. King failed to make out his plea of payment, the settlement at Doyles, and the closing up of the sale of brick on a former contract, as is made clear by the statements of appellee, and the production

by him of receipts and tickets for brick delivered on the work on Eighth Street.

King did not controvert the grounds of attachment, nor did he take any steps whatever to have it discharged. Appellee was therefore entitled under his attachment lien to have any amount that might be due from Osborne to King, subjected to the payment of his judgment. Osborne claims to be the beneficial owner of King's contract with the city of Louisville. He denies that his purchase from King was fraudulent, and states that he had paid to King, before the institution of this action, a sum exceeding the amount due from the city on the work. Taking Osborne's own statement of the case, he was to advance King funds to be expended on the work. ·

If he held the contract as a security, the onus was on him to show that after the amounts advanced by him were paid, there would be nothing left of the sum due from the city to be applied to the payment of appellee's claim. If he became the absolute owner of the contract, inasmuch as he admits that the consideration for the assignment was the agreement upon his part to advance money to King from time to time, he was bound to show that he had advanced the full contract price for the assignment. He neither proves, nor attempts to prove, either one of these essential facts. As the case was presented, the chancellor was bound, under the attachment lien, to satisfy appellee's claim out of the funds in his hands.

It is unnecessary, therefore, for us to examine that branch of the case, in which relief was claimed under the provisions of the Mechanic's Lien Law. Appellants were not entitled to a new trial. They failed to show that they were surprised. They had no right to rely upon appellee's taking the deposition of Osborne. If they desired the benefit of his testimony he should have offered himself as a witness. Besides, by an order made in open court, the cause was set for hearing. Appellants were bound to take notice of this order, and if they really had expected appellee to take the deposition of Osborne, this was notice to them that he had abandoned his intention to do so and they should at once have taken steps to secure his testimony. The injury received by the counsel was after the submission of the cause, and consequently could not have interfered with its preparation.

Judgment *affirmed.*

*Harrison, for appellants.*
*Easlin & Calloway, for appellee.*